James P. Keenley (State Bar No. 253106)
Brian H. Kim (State Bar No. 215492)
BOLT KEENLEY KIM LLP
1010 Grayson Street, Suite Three
Berkeley, California 94710
Phone: (510) 225-0696
Fax: (510) 225-1095

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| STEPHANIE FORBES, | Case No.: |
| Plaintiff, | **COMPLAINT (ERISA)** |
| v. | |
| SUN LIFE AND HEALTH INSURANCE COMPANY, | |
| Defendant. | |

## INTRODUCTION

This case challenges Defendant Lincoln National Life Insurance Company's ("Lincoln's") denial of Plaintiff Forbes's claim for disability benefits under the Local Initiatives Support Corporation Long Term Disability Plan (the "Plan"). Plaintiff was and is disabled under the terms of the Plan and is entitled to retroactive and ongoing benefits under the Plan.

## JURISDICTION

1. Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §

1132(a)(1)(B). This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

**VENUE**

2. Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the breaches alleged occurred in this District, and the ERISA-governed plan at issue was administered in part in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District.

**INTRADISTRICT ASSIGNMENT**

3. This case should be assigned to the San Francisco Division because the Plan is administered in this division, Plaintiff resides in this division, and the relevant acts and omissions occurred within this division.

**PARTIES**

4. At all relevant times, Plaintiff was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Plan. Defendant can identify Plaintiff by the claim number 281013-07993-00.

5. At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored by Plaintiff's employer. Defendant Sun Life administered claims for benefits under the Plan and paid the benefits due under the Plan pursuant to a group insurance policy bearing policy number 63003-GD Long Term Disability.

**FACTS**

6. At all relevant times the Plan offered, among other things, disability benefits to employees of the Local Initiatives Support Corporation, including Plaintiff, provided that an employee could establish that she was disabled within the meaning of the Plan.

7. Plaintiff has been disabled within the meaning of the Plan since April 29, 2013, due to chronic fatigue syndrome and other comorbid conditions. Plaintiff suffers from debilitating malaise and post-exertional fatigue that has been persistent and unexplained by any other diagnosis for a period of several years.

8. Prior to becoming disabled, Plaintiff was a program director for Local Initiatives Support Corporation.

9. Plaintiff filed a timely claim for benefits under the Plan, and Defendant initially found that she was disabled within the meaning of the Plan and approved her claim and paid twenty-four months of benefits.

10. Defendant terminated Plaintiff's claim effective October 25, 2015 by letter dated December 22, 2015.

11. Plaintiff filed a timely appeal of Defendant's determination and submitted, among other evidence, additional medical records and the results of a Functional Capacity Evaluation, and a job simulation assessment.

12. By letter dated January 19, 2017, Defendant denied Plaintiff's appeal.

13. Plaintiff has exhausted her administrative remedies under the Plan.

14. Defendant has failed to pay benefits owed to Plaintiff under the Plan from October 25, 2015 to the present.

15. Plaintiff remains disabled to this day and has no prognosis for regaining the ability to work.  She will be eligible for benefits until he reaches the maximum age under the Plan on April 30, 2029.

16. As a direct and proximate result of the aforementioned acts of Defendant, Plaintiff suffered damages in the form of unpaid disability benefits, interest thereon, and attorney's fees and costs of suit.

**FIRST CLAIM FOR RELIEF**
**[Claim for Benefits Pursuant to ERISA § 502(a)(1)(B) Against Defendant]**

17. Plaintiff incorporates Paragraphs 1 through 16 as though fully set forth herein.

18. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, and/or to clarify his rights to future benefits under the terms of a plan.

19. At all relevant times, under the terms of the Plan as set forth in the governing plan instruments, Plaintiff became and remains entitled to disability benefits under the Plan.

20. By denying Plaintiff's claim for benefits, and by related acts and omissions, Defendant has violated, and continues to violate, the terms of the Plan and Plaintiff's rights thereunder. Defendant's refusal to pay Plaintiff benefits violates the terms of the Plan, and Defendant's actions in administering Plaintiff's claim and in denying benefits were wrongful and an abuse of discretion. At all material times herein, Defendant failed and refused to honor the terms of the Plan.

21. As a proximate result of Defendant's actions, Plaintiff has been deprived of her benefits to which she was and is entitled and has suffered damages as set forth above. Plaintiff further seeks a declaration as to her entitlement to future disability benefits, as follows: an injunction prohibiting Defendant from terminating or her disability benefits until the end of the maximum benefit period.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A. Declare that Defendant violated the terms of the Plan by denying Plaintiff's claim for benefits;

B. Order that Defendant pay Plaintiff's past benefits owed under the terms of the Plan through to the date that judgment is rendered herein, together with prejudgment interest on each and every such payment through to the date that judgment is rendered herein;

C. Declare Plaintiff's right to receive future benefits under the terms of the Plan;

D. Issue an injunction requiring Defendant to issue monthly benefit payments until Plaintiff reaches the maximum benefit duration without subjecting Plaintiff to further claims procedures with respect to his claim for benefits under the Plan;

E. Award Plaintiff attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

F. Provide such other relief as the Court deems equitable and just.

Respectfully submitted,

Dated: February 22, 2017                    BOLT KEENLEY KIM LLP

By: /s/ *James P. Keenley*
    James P. Keenley
    Attorneys for Plaintiff